**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

MARK GAUTHIER,

   *Plaintiff,*        CASE NO.:

v.

EDGE HOSPITALITY
MANAGEMENT, LLC

   *Defendant.*

_____/

**<u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>**

Plaintiff Mark Gauthier, by and through undersigned counsel, sues Defendant Edge

Hospitality Management, LLC, and alleges as follows:

**<u>INTRODUCTION</u>**

1.   This is an action for race discrimination in violation of 42 U.S.C. § 1981. Plaintiff,

a Black man, was a paying guest at a hotel managed by Defendant. Defendant's front-desk

employee, "MD" Saif Kadir, checked Plaintiff in and instructed him to wait in the lobby after

Plaintiff complained about stains on the furniture in his room. Moments later, Kadir falsely

reported to police that a Black male had committed a violent felony at the hotel. Kadir provided a

generic suspect description that matched Plaintiff's race, clothing, and backpack. Police arrived

and detained Plaintiff in the lobby while Kadir watched and withheld the exculpatory truth—that

Plaintiff had just checked in and could not have been the perpetrator. No crime was substantiated,

and Plaintiff was eventually unhandcuffed and released without charges.

**PARTIES**

2.      Plaintiff Mark Gauthier is a resident of New York.

3.      Defendant Edge Hospitality Management, LLC is a Florida limited liability company with its principal place of business in Coral Gables, Florida. At all relevant times, Defendant operated and managed the hotel property known as *The Point by Edge*, located at 7389 Universal Boulevard, Orlando, Florida 32819, and employed the front-desk and management personnel involved in the events described below.

4.      At all relevant times, Defendant was solely responsible for the conduct of the hotel personnel involved in the events described herein.

**JURISDICTION & VENUE**

5.      This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under 42 U.S.C. § 1981.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant Edge Hospitality Management, LLC resides in this District and maintains its principal place of business in Coral Gables, Florida.

**FACTUAL ALLEGATIONS**

*Plaintiff's Arrival and Check-In*

7.      On December 26, 2025, Plaintiff arrived at The Point by Edge to check in for a prepaid hotel stay.

8.      Plaintiff was checked in at the front desk by MD Saif Kadir, a hotel employee acting within the scope of his employment. Kadir processed Plaintiff's check-in, assigned him a room, and confirmed his status as a registered guest.

9.      At the time of check-in, Plaintiff was wearing a black shirt and carrying a backpack.

2

10. Plaintiff proceeded to his assigned room and immediately observed numerous visible stains on the couch. Plaintiff took some pictures of the couch and returned to the front desk to ask about changing rooms.

11. Plaintiff showed the photographs to Kadir. Kadir refused to change Plaintiff's room and instructed Plaintiff to wait in the hotel lobby while housekeeping addressed the issue.

12. Plaintiff complied and remained seated in the lobby, in plain view of the front desk.

### The Guests' Reported Hallway Disturbance

13. At some point thereafter, guests staying in another room at the hotel—identified as Allen Ji and Justin Joseph, occupants of Room 1201—supposedly contacted the front desk.

14. The substance of what Ji and Joseph reported to the front desk, if anything, was limited and vague: that a Black man wearing a backpack had banged on their door and fled down the hallway.

15. Ji and Joseph did not report that anyone entered their room. They did not report that anyone was assaulted. They did not report that any money was taken.

16. Ji and Joseph had not previously reported any theft, assault, or break-in to hotel staff or law enforcement.

### The Front Desk's Escalation to Police

17. Despite the limited nature of the guests' account, Kadir contacted law enforcement and escalated the situation dramatically.

18. Kadir told police that a Black male had entered a hotel room, punched a guest in the face, stolen money, and fled running.

19. This was the first time any allegation of a break-in, assault, or robbery was made.

20.     At the time Kadir conveyed this narrative to police, he knew that Plaintiff had just checked in, had been waiting in the lobby at his direction, and could not have committed the alleged offense.

*Police Response and Plaintiff's Detention*

21.     Police officers arrived at the hotel in response to the report of a violent felony.

22.     Based on the generic description provided by Kadir to the police — Black male, black shirt, backpack — officers focused on Plaintiff, who was still seated in the lobby where Kadir had instructed him to wait.

23.     Officers surrounded and detained Plaintiff in full view of other hotel guests.

24.     Plaintiff immediately proclaimed his innocence and explained that he had just arrived, had just checked in with Kadir, and had been waiting in the lobby because his room was unacceptable.

25.     Plaintiff repeatedly asked Kadir to intervene and tell the officers that he just arrived and could not have committed the alleged offense.

26.     Kadir watched the detention unfold right in front of him and refused to intervene or clarify the truth, despite knowing Plaintiff's status and despite having caused the police response based on the false report of a violent crime by a perpetrator matching Plaintiff's description.

27.     The police placed Plaintiff in handcuffs. They advised him that he was being detained in connection with a crime. As other hotel guests walked by, parents grabbed their children and shielded them from Plaintiff, as if he was a violent criminal. Plaintiff was humiliated and afraid.

4

### *Collapse of the Alleged Crime*

28.     Other police officers went to Room 1201 and spoke directly with Ji and Joseph.

29.     Ji and Joseph denied telling anyone that a man entered their room, assaulted them, or stole money. Ji and Joseph denied ever making such a report to the front desk. Per Ji and Joseph, they only reported to the front desk that a man had banged on their door.

30.     Neither guest confirmed the violent felony narrative that Kadir had provided to police.

31.     Police did not find evidence of a break-in, assault, or robbery. No arrest was made, no charges were filed, and officers concluded that no crime had occurred.

32.     Having concluded that no crime was committed, the police unhandcuffed Plaintiff, apologized to him, and let him go.

### *The Aftermath*

33.     Plaintiff was shaken. He was humiliated and embarrassed by being detained and treated as a criminal in front of other guests and families.

34.     After the police left, Kadir offered Plaintiff a bottle of water for his troubles.

35.     Plaintiff asked Kadir if he could cancel his stay, even any portion of it, and go find another hotel because of what had just transpired. Kadir refused any refund.

36.     Defendant authorized, empowered, and acted through Kadir.

37.     Defendant's actions—escalating a vague hallway disturbance into a fabricated report of a violent felony, targeting Plaintiff with a racially generic description, and knowingly allowing Plaintiff to be detained despite knowing he could not be the perpetrator—interfered with Plaintiff's contractual rights and subjected him to discrimination based on race.

5

<u>**COUNT I**</u>
**Violation of 42 U.S.C. § 1981**

38.     Plaintiff realleges and incorporates paragraphs 1 through 37.

39.     Defendant offered lodging accommodations to the public and entered into a contract with Plaintiff for hotel services.

40.     Defendant intentionally interfered with Plaintiff's right to make and enforce that contract by subjecting him to discriminatory treatment, causing his detention by police, and depriving him of the full and equal enjoyment of the hotel services he paid for.

41.     Defendant's conduct was intentional and would not have occurred but for Plaintiff's race.

42.     Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights.

43.     Plaintiff suffered emotional distress, humiliation, loss of dignity, and other damages as a direct and proximate result.

**<u>REQUEST FOR RELIEF</u>**

Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant and award:

a.  Compensatory damages to the fullest extent permitted by law;

b.  Punitive damages to the fullest extent permitted by law;

c.  Reasonable attorneys' fees and costs;

d.  Pre-judgment and post-judgment interest; and

e.  Such other and further relief as the Court deems just and proper.

## <u>JURY TRIAL DEMAND</u>

Plaintiff demands a trial by jury on all issues so triable.

Dated: February 17, 2026                    Respectfully submitted,

                                                By: <u>/s/ *Christopher S. Prater*</u>
                                                       **Christopher S. Prater**
                                                        Florida bar No.: 105488
                                                        cprater@pollardllc.com

                                                        **Jonathan E. Pollard**
                                                        Florida Bar No.: 83613
                                                        jpollard@pollardllc.com

                                                        **Pollard PLLC**
                                                        500 E. Broward Blvd., Suite 950
                                                        Fort Lauderdale, FL 33394
                                                        Telephone: 954-332-2380
                                                        Facsimile: 866-594-5731
                                                        *Attorneys for Plaintiff*